# Ex. 1

## SETTLEMENT AND RELEASE AGREEMENT

The Settlement and Release Agreement (the "Release Agreement") is made and entered into by and between Christian Caishpal ("Claimant"), and Arjo Food Corp. d/b/a Met Food, Rubani Bueno, and Jose __Genao__ (together, the "Company"), (Claimaint and the Company are jointly referred to in the Release Agreement as the "Settling Parties"), as of November ___, 2017.

### RECITALS

A.  WHEREAS, Claimant filed an action (the "Action") against the Company alleging, *inter alia*, that the Company failed to pay certain wages due in connection with services performed on Company's behalf. The aforementioned Action is currently pending in the United States District Court for the Eastern District of New York, Case No. 16-05702;

B.  WHEREAS, no court has considered or determined the claims presented;

C.  WHEREAS, Company admits no wrongdoing, nor any liability with respect to Claimaint's allegations;

D.  WHEREAS, the Parties have agreed to settle their disputes pursuant to this Release Agreement;

E.  NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENT

1.  <u>Consideration</u>. The Settling Parties are entering into ther Release Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Claimant agrees that they will not seek any further consideration from Company, including any monetary payment, beyond that which is set forth in Paragraph 2 or 3 of the Release Agreement.

2.  (a) <u>Settlement Amount.</u> Company agrees to pay the Settlement Amount of Ten Thousand Dollars ($10,000.00) to the Claimant.

(b) <u>Payment of Settlement Amount</u>. The Settlement Amount shall be made via personal or certified check and delivered to Law Offices of William Cafaro, 108 W. 39th St., Suite 602, New York NY 10018. These payments are accepted by the Claimant and by his counsel in full satisfaction of all claims he has any right to bring under the Fair Labor Stnadards Act and the New York Labor Law. The Settlement Payments may be sent in any manner, but must be received by the office of Plaintiff's counsel by the close of business on the due date in ordet o be timely, provided however, that if any due dates falls on a weekend or holiday, the time for payment shall be deemed extended until the close of the

next following business day. The Settlement Amount shall be paid in four installments as follows:

    a) Within five (5) days after the occurrence of the Effective Date, Company shall pay Two Thousand Five Hundred Dollars ($2,500.00), which shall be allocated as follows:
        a. One check payable to "Christian Caishpal" in the amount of One Thousand Nine Hundred Seventy Five Dollars and Zero Cents ($1,975.00);
        b. Once check payable to "William Cafaro, PC" in the amount of Five Hundred Twenty Five Dollars and Zero Cents ($525.00) representing payment for attorneys' costs;

    b) On or before thirty-five (35) days after the occurrence of the Effective Date, Company shall pay Two Thousand Five Hundred Dollars ($2,500.00), which shall be allocated as follows:
        a. One check payable to "Christian Caishpal" in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00);

    c) On or before before sixty-five (65) days after the occurrence of the Effective Date, Company shall pay Two Thousand Five Hundred Dollars ($2,500.00), which shall be allocated as follows:
        a. One check payable to "Christian Caishpal" in the amount of One Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($1,667.67);
        b. Once check payable to "William Cafaro, PC" in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cenrts ($833.33) representing payment for attorneys' fees in this action.

    d) On or before ninety-five (95) days after the occurrence of the Effective Date, Company shall pay Two Thousand Five Hundred Dollars ($2,500.00), which shall be allocated as follows:
        a. Once check payable to "William Cafaro, PC" in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) representing payment for attorneys' fees in this action.

(c) <u>Affidavit of Confession of Judgment</u>. ARJO Food Corp. shall execute an affidavit of confession of judgment in substantially the same form as annexed hereto as <u>Exhibit A</u>.

3. Default. In the event that any payment is not received in the office of Claimant's counsel by the due date, or any check given as payment hereunder is dishonored, such event shall constitute a default, and Claimant's counsel shall notify Company's counsel Gregory Capone, Esq. at greg.capone@kandcpllc.com with notice to cure. In the event the Company fails to cure such default within five (5) business days from service of said notice, they shall be in default. After any such default which is not timely cured, the Claimant may enter judgment against the Company, and each of them, jointly and severally, pursuant to the Confession of Judgment appended hereto as Exhibit "A", in the amount of 125% of the unpaid balance prior to the default. It is understood and acknowledged that if Claimant had prevailed in this litigation, and if the key issues of law and fact had been resolved in his favor, that the amount be could potentially have recovered, together with attorney's fees, may have been well in excess of 125% of the Settlement Amount. In light of the foregoing, the Company acknowledges neither this provision or the appended Confession of Judgment constitute a penalty or forfeiture under the New York substantive law of contract, and after consultation with their counsel, they irrevocably warrant and covenant that no such argument shall ever be made in opposition to any motion for the entry of judgment or for related relief, nor shall any such argument ever be made in support of any motion to vacate any default. The Settling Parties further agree that in the event of any uncured default as described above, a judgment may be entered in the Civil Court of the City of New York, County of New York, The Parties agree that in the event of any non-payment or dishonored check which remains uncured after due notice to cure as provided for herein, that a judgment may be entered pursuant to the Confession of Judgment appended as Exhibit "A" in such court pursuant to CPLR § 3215(i) with the same force and effect as if this Agreement had been a stipulation resolving an action originally commenced in such state court, and the Defendants had defaulted thereon.

4. Hold Harmless. The parties agree that Company shall issue a form 1099 to Claimant upon request. Claimant acknowledges and agrees that Company makes no representations regarding the federal, state, or local tax consequences of the settlement amount in this paragraph, and shall not be responsible for any tax liability, interest or penalty incurred by Claimant or Claimant's counsel, which is nay way arises out of or relates to the settlement payment. Claimant agrees to pay any amount that may be determined to be due and owing as taxes, interest and/or penalites arising out of the settlement payment, should it be determined at all or part of the settlement payment constitutes gross income to Claimant and/or Claimant's counsel, within the meaning of the Internal Revenue Code of 1986, as amended, or under any other federal, state or local statute or ordinance. Claimant further agrees to (i) hold harmless and indemnify Company for any and all losses and/or damages arising from claims by the Internal Revenue Service or any other taxing authority, and (ii) reimburse Company for any resulting payments, including without limitation, all penalties and interest payable to the Internal Revenue Service or any other taxing authority or government agency.

5. Waiver and Release. (a) In consideration for the foregoing, all Settling Parties, on behalf of themselves and their dependents, heirs, executors, administrators, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and

irrevocably WAIVE, RELEASE AND FOREVER DISCHARGE each other and, as applicable, each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (collectively, the "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, of every kind in connections with the Claimant's employment, including by not limited to his pay, rate(s) of pay, overtime pay, minimum wage violations, tip credit violations, spread of hours, recordkeeping violations, and/or any claims of retaliation for having brought or raised any of the foregoing claims, as well as any related attorneys' fees and/or costs incurred in the prosecution of such claims. The Company reciprocally release the Claimant from liability for any claims presented by them in their Counterclaims, if any. <u>Court approval of this release is a material confition of the Agreement and the Settling Parties obligations hereunder.</u>

b) Claimant specifically waives his rights to recover any money whatsoever in connection with any charge or investigation of any of the Releasees by any government agency. Claimant also specifically waives all rights to recover any money against any of the Releasees in connection with a charge filed by any other individual or by the United States Equal Employment Opportunity Commission or any other federal, state or local agency.

c) To the fullest extent permitted by law, CLAIMANT PROMISES NOT TO SUE or bring any charges, complaints or lawsuits related to any of the claims hereby waived against the Releasees in the future, individually or as members of a class.

d) Each party knowingly, intentionally and voluntarily releases and discharge the Releasees not only from any and all claims which they could make on their own behalf pursuant to section 5(a) of this Agreement, but they also specifically waive any right to become, and promise not to become, a member of any class in any proceeding or case in which a claim or claims against any of the Releasees may arise, in whole or in part, from any event which occurred prior to the Effective Date of this Release Agreement. It is understood that if any party, by no action of her own, becomes a mandatory member of any class from which they cannot opt out by operation of law or court order, such mandatory class membership will not constitute a breach of ther Release Agreement; however, in such event, such party hereby waives her rights to any recovery as a result of such action. Furthermore, in such event or in the event that such party unintentionally remains a member of a class from which they could have opted out, and such party unintentionally receives a recovery as a result of being class members, such party will return the full amount of that recovery to the Releasees immediately upon receipt and any payments made by Company pursuant to this Agreement shall automatically be offset against the amount of any such award.

e) This WAIVER, RELEASE and PROMISE NOT TO SUE are binding on each party, their heirs, and assigns.

6. **No Other Claims.** Each party represents that they have not filed any complaints or charges against any of the Releasees with any local, state or federal agency or court concerning any claim released in this Release Agreement. Further, to the fullest extent permitted by law, no party shall not do so at any time hereafter for any claim arising out of any alleged actions or conduct which occurred prior to the Effective Date of this Release Agreement. The Parties further acknowledge and agree that the Release Agreement and the consideration exchanged in ther Release Agreement are contingent upon ther promise not to file any such claim, complaint or charge of any kind whatever. In the event it is discovered that any party files or has filed any such claim(s), such party agrees to immediately take all reasonable and necessary measures to effect the prompt dismissal or retraction of any such claim(s).

7. Claimant is competent to effect the release as contained herein, and to enter into ther Release Agreement, and is not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Rubani Bueno is competent to enter this agreement in his personal capactiy as well as is authorized to enter into this agreement on behalf of Arjo Food Corp. None of the Settling Parties are a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle the claims against Company, to waive the claims that the Settling Parties are waiving herein, or to make payment as described herein.

8. **Discontinuance of Action With Prejudice; Effective Date.** The Settling Parties agree to promptly seek approval of this Settlement Agreement with the Court and shall cooperate with one another to effect (i) a formal approval of this Agreement by court order and (ii) a dismissal of the Action with prejudice and without costs to either party, which shall be effected pursuant to a stipulation of discontinuance reasonably acceptable to all Settling Parties. This Agreement shall not be effective until the date upon which both (i) and (ii) in the previous sentence have occurred (such date, the "Effective Date"). The Stipulation of Dismissal is annexed hereto as "Exhibit B".

9. **Mutual Non-Disparagement.**

   a. In the event that a Party is asked about the matter that led to this Agreement (including the cessation of any party's employment with Company), the Party shall respond only as follows: "The matter has been resolved to the satisfaction of all Parties."

   b. The Settling Parties further understand and agree that the terms of this Agreement, including all facts, circumstances, statements and documents relating thereto, shall not be admissible or submitted as evidence in any action, litigation or proceeding in any form for any purpose other than (1) to secure enforcement of the terms and conditions of this Agreement, or (2) as otherwise may be required by law.

   c. Claimant further personally undertakes, on behalf of himself and any person acting by, through, under, or in concert with them, to knowingly refrain

from (a) defaming, demeaning or disparaging Company, their products, services, finances, financial condition, capabilities or other aspect of its businesses, or any of its parent companies, subsidiaries, affiliates, former or existing employees, managers, directors, officers or agents, or (b) acting in a manner that reasonably may be viewed as detrimental to the above-identified persons' and entities' best interests. In return, Company agrees, on behalf of themselves and their officers and directors, to refrain from (a) defaming, demeaning or disparaging Claimant or (b) acting in a manner that reasonably may be viewed as detrimental to Claimant's best interests. The undertakings specified herein shall apply in any medium and by any method to any person or entity without limitation in time.

10. **Entire Agreement.** Ther Release Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties. Ther Agreement shall be deemed to have been jointly drafted by both Parties, and no provision herein shall be interpreted or construed for or against any Party because such Party drafted or requested such provision, or ther Release Agreement as a whole.

11. **Jurisdiction; Venue.** The Settling Parties consent that the United States District Court for the Eastern District of New York ("District Court") shall have jurisdiction over any matters or disputes emanating out of this Release Agreement, and the venue for any such dispute or enforcement of this Release Agreement shall be the United States District Court for the Eastern District of New York. If the District Court refuses or declines to accept jurisdiction over the Settlement Agreement or any enforcement of same for any reason, the Parties agree that an action to enforce this Agreement may be filed in the Civil Court of the City of New York, County of New York or New York State Supreme Court, County of New York (depending on monetary value), and this provision shall be treated as a valid venue selection provision in any such state court in the event the District Court has declined or refused to accept jurisdiction for any reason. The Parties agree that a judgment may be entered in any state court of competent jurisdiction pursuant to CPLR § 3215(i) with the same force and effect as if this Agreement were a stipulation resolving an action originally commenced in such state court, and the Defendants had defaulted thereon.

12. **Headings.** The Settling Parties understand and agree that the headings in this Release Agreement are for their convenience only, and have no legal significance.

13. **Severability.** The provisions of ther Release Agreement shall be deemed separate and severable. Should any provision or portion of the Release Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid and enforceable. If it cannot be so modified, it shall be severed from the Release Agreement, and the remainder of ther Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims the Settling Parties may have against each other.

14. <u>Representation and Acknowledgement.</u>  Claimant hereby represents and agrees that they have been advised by Claimant of their right to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of her choice; have so consulted with their attorneys; have carefully read all of the provisions of this Agreement; have had the opportunity to have their attorneys answer any questions they might have had; fully understand all of the provisions of this Release Agreement; have had a reasonable period of time to consider whether to enter into this Release Agreement; and are voluntarily and knowingly entering into this Release Agreement.

15. <u>Counterparts.</u>  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
Christian Caishpal

ARJO FOOD CORP.

By: _____
Name: Rubani Bueno
Title: President

_____
Rubani Bueno, Individually

_____
Jose Genao, Individually

**EXHIBIT A**

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK         )
                          )  ss.:
COUNTY OF NEW YORK        )

Rubani Bueno, being duly sworn, deposes and says:

1. I am a Defendant in an Action in the United States District Court for the Eastern District of New York, Case No. 16-05702 (the "Action") and I am a principal of Defendant Arjo Food Corp. d/b/a Met Food (the "Corporate Defendant").

2. I am duly authorized, in both my personal capacity as well as my capacity as authorized shareholder of the Corporate Defendant, to make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against me and the Corporate Defendant in the Action.

3. The Corporate Defendant as well as my actual and principal places of business are at 5817 5th Avenue, Brooklyn, NY 11220.

4. This confession of judgment is for a debt justly due to Cristian Caishpal and/or his attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved the Action, involving certain wage and hour claims made by Cristian Caishpal ("Plaintiff"). Plaintiff was an employee of the Corporate Defendant as well as an employee of the undersigned, personally. That action alleged certain violations of the Fair Labor Standards Act and the New York Labor Law, and this confession was given as part and parcel of the Agreement which settled that action in order to secure the Plaintiff in the event of any default in the payments required under the Agreement.

5. The Corporate Defendants, as well as myself personally and individually, hereby confess judgment, and authorize entry of judgment by the Plaintiff and/or his attorneys against the Corporate Defendant and against myself individually and personally, jointly and severally, in the sum of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00) less 125% of any payments already made. The Agreement aforesaid also provides for attorneys' fees to Plaintiff's counsel, William Cafaro, PC, and William Cafaro, PC, shall also have the right to enter judgment against me, personally and individually as

well as the Corporate Defendant, jointly and severally, if all other conditions required for the entry of judgment are met.

6. Any signature by the Corporate Defendants or by myself may be signed by pdf, e-mail, by facsimile, or by any other medium capable of reliable reproduction, and the same shall be valid as against the party to be charged.

7. Judgment may only be entered upon this Affidavit of Confession by Plaintiff's counsel, William Cafaro, ("Cafaro") or by his lawfully designated successor in the event of his death or disability, and any application for the entry of judgment hereunder must be accompanied by an affidavit from Cafaro or his lawfully designated successor giving the Defendants due credit, if any, for any and all payments made prior to the default.

Dated: New York, New York

Dec. 14, 2017

_____
RUBANI BUENO

STATE OF NEW YORK    }
                     } S.S.
COUNTY OF NEW YORK   }

On Dec. 14, 2017, before me personally came Rubani Bueno, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

GREGORY MICHAEL CAPONE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02CA6322529
Qualified in New York County
My Commission Expires April 06, 2019

ARJO FOOD CORP.
By: Rubani Bueno
Title:

STATE OF NEW YORK      }
                       } S.S.
COUNTY OF New York     }

On  Dec. 14  , 2017, before me personally came Rubani Bueno, and acknowledged himself to be an officer and/or authorized shareholder of Arjo food Corp. and that he, as such, being authorized so to do, executed the foregoing Affidavit for Judgment by Confession for the purposes therein contained, by signing his name for Arjo Food Corp.

NOTARY PUBLIC

GREGORY MICHAEL CAPONE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02CA6322529
Qualified in New York County
My Commission Expires April 05, 2019

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CRISTIAN CAISHPAL, on Behalf of Himself and
All Others Similarly Situated,

                       Plaintiffs,

-vs.-

ARJO FOOD CORP. d/b/a MET FOOD,
RUBANI BUENO and JOSE "Doe" Last Name
Being Fictitious and Unknown,

                       Defendants.
-----------------------------------------------------------X

Case No.: 1:17-cv-00883

**STIPULATION AND ORDER OF DISMISSAL**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals; and

**IT IS FURTHER STIPULATED AND AGREED** that The Court shall retain jurisdiction over the settlement for the purposes of the enforcement of the provisions thereof.

Kidonakis & Corona, PLLC
*Attorneys for Defendants*

By: Gregory M. Capone
136 Lenox Avenue
New York, NY 10026
(646) 389-3925

The Law Offices of William Cafaro
*Attorneys for Plaintiff*

By: Amit Kumar, Esq.
William Cafaro, Esq.
108 West 39th Street, Suite 602
New York, NY 10018
(212) 583-7400

SO-ORDERED

_____
The Hon. Vera M. Scanlon U.S.M.J.